---

## CAIL & COMPANY

*v.*

## LUIS RUBERT CATALA.

---

San Juan, Law, No. 899.

1. Where an action by an alien without property within the jurisdiction of the court, against a citizen, sounds in equity, the general equity jurisdiction of the Federal district court is broad enough to protect the defendant by requiring the plaintiff to give a bond of $2,500.
2. Where the language of a complaint sounds in equity, instead of in law, an oral demurrer on that ground will be sustained.

Opinion filed July 22, 1912.

---

*Mr. Hugh R. Francis* for plaintiff.

Cail & Co. v. Catala.

· *Messrs. Antonio Alvarez Nava* and *Jorge Dominguez* for defendants.

CHARLTON, Judge, delivered the following opinion:

The object of legal enactment requiring bonds to be given for costs, and as against plaintiff's damage, on injunction and otherwise, represents, as does the body of the substantive law, the concensus of the experience and wisdom and judgment of the operation of the affairs of men within the sovereignty which makes the enactment. Certain limitations, dependent upon conditions surrounding the general affairs of the community, or the particular circumstances of a case, are, with more or less wisdom, inserted in legislative enactments upon those subjects.

In the local law of Porto Rico the contemplation of the legislature could not have been extended beyond the ordinary action, and they know only one form which could be brought in the courts of general jurisdiction in the island of Porto Rico, and the amount of the bond so fixed at $300 must be inferred to have fairly represented in the minds of the legislature the average maximum of costs which would be fairly chargeable to either party in any litigation which was brought within that jurisdiction.

Here, under the recitations and allegations of the complaint, as in a former case, the draughtsman has wrongly appreciated his proceeding. His language sounds in equity, instead of in law; and an oral demurrer on that ground, if made by counsel for defendant, will be sustained.

The Court. Do you make the oral demurrer?

Cail & Co. v. Catala.

Mr. Guerra (after consultation with associate counsel). We make the oral demurrer.

The Court. Let the demurrer be sustained.

In the matter of costs, the conditions surrounding local litigation in the insular courts of Porto Rico are confined by the terms of the organic act and other legislative enactments of Porto Rico to certain classes of litigation between certain persons. The scope of litigation which is within the jurisdiction of this court is not only wider and more general in its character, but it embraces different classes of citizens. Aliens, citizens of Porto Rico, and citizens of the United States, all have access to this forum for a redress of their claims and differences.

As I have had occasion heretofore to observe, only persons owing allegiance to the United States are entitled as of right to reside within its sovereignty. The protection of the United States is given to aliens, and access to the courts of the United States is given to aliens, as matter of course. When they come in, they subject their persons, and such property as they may have within the jurisdiction, to the authoritative determination and action of the courts of the United States; but, coming uninvited and on sufferance, and without property within the jurisdiction, to institute in the Federal courts of the United States an action against a person resident within its sovereignty, and owing it allegiance, a different case is presented. As I have just held that under the recitations of the complaint herein propounded by the complainant the case under consideration sounds in equity, instead of in law, the general equity jurisdiction of the Federal courts of the United States is broad enough to throw around a person owing allegiance to the United States protec-

tion against a demand of a person not so owing allegiance, and without property within the jurisdiction which is invoked.

Under those considerations, and by reason of the patent facts which the recitations themselves of the complaint disclose, the amount of the bond in this case will be fixed at two thousand five hundred dollars ($2,500), to be given within twenty days.

Mr. Francis. Will your Honor allow me an exception to both orders?

The Court. Certainly.